✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
FNU LNU, a/k/a Derrick Wong
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 2:08 cr 38

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____    _____
Date                                *Signature of Judge*
                          Dennis L. Howell, United States Magistrate Judge
                                *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08 cr 38

**UNITED STATES OF AMERICA,**

Vs.                                                                          **ADDENDUM TO**
                                                                             **DETENTION ORDER**

**FNU LNU, a/k/a Derrick Wong.**

_____

**I.   FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)**  the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve allegations that the defendant has given false statements to obtain a passport and the defendant is not legally in the United States.

**(g)(2):** The weight of the evidence against the person appears to be strong.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. He is married and has a minor child that resides with him and his wife in the town of Franklin, Macon County, NC. The defendant is self-employed and owns two businesses in the city of Franklin. The defendant has financial resources and has a length of residence in the community. The defendant has community ties. Testimony was presented by former State Senator Bob Carpenter that he has known the defendant for many years and the defendant has a good reputation in the community where he lives. Testimony was also received by the undersigned from Rev. Wande Liggins. Rev. Liggins was a pastor at the Morrison Presbyterian Church in Macon County, NC for 18 years. The defendant is a member of Rev. Liggins' church and Rev. Liggins testified that the defendant was a good reliable person.

The defendant has no criminal history.

The defendant's record concerning appearance at court appearances indicate that he has never failed to appear at any court appearance.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. This factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would not create a risk of harm or danger to any other person or the community.

The evidence presented does show by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has substantial financial resources. He reported to the United States Probation Office that he had deposits in a checking account and in a savings account. Upon further investigation by the court, the court has determined that the defendant not only has substantial deposits in a checking account and

in a business account, those deposits being in excess of $65,000.00, but the defendant also has deposits in a certificate of deposit at the Macon Bank in the amount of $60,000.00 and further deposits in Raburn County, GA in a certificate of deposit having $90,000.00. The defendant did not report these certificates of deposits to the United States Probation Office. The defendant further did not report a series of town homes that the defendant owns in Macon County, NC which, upon investigation, shows that they have a tax valuation in excess of $413,000.00. The defendant may also own other tracts of real property in Macon County. The defendant only reported the ownership of his dwelling house and a business. Testimony has been presented that if the defendant is released on terms and conditions of pretrial release that the defendant will be processed by the Immigration Service pursuant to a detainer that has been issued but that the defendant will promptly be released. As a result, the undersigned questions whether or not the defendant should be released since it appears that he has not been forthright in setting forth his various financial holdings and real estate holdings. These holdings would give the defendant funds and resources whereby he could flee the jurisdiction and either return to his native country or where he could establish a residence in another state in the United States illegally. As a result, the undersigned finds by a preponderance of the evidence that the release of the defendant at the present time would create a risk of flight on his part. The undersigned will revisit this issue should the defendant file an appropriate motion and present to the court an accurate and complete accounting of his financial holdings and real estate holdings in the United States.

On December 18, 2008 defendant's counsel filed a "Motion for Hearing as to 'Pretrial Release' of Defendant" (#8). The undersigned has now conducted a hearing and as a result, the motion for hearing will be allowed, however, the defendant will be detained pursuant to the above referenced findings.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter and the "Motion for Hearing as to 'Pretrial Release' of Defendant" (#8) is hereby **ALLOWED**.

Signed: January 20, 2009

Dennis L. Howell
United States Magistrate Judge